UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

|  |  |  |
|---|---|---|
| MARCO A CANTU, *et al*, | § § § § | |
| Appellants, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-292 |
| | § | |
| GEORGE W STONE dba George W Stone Accounting, | § § § § | |
| Defendant. | | |

## ORDER AFFIRMING SUMMARY JUDGMENT ORDER AND FINAL JUDGMENT OF BANKRUPTCY COURT

**I.   Factual and Procedural Background**

**A.   Suit against Appellee Stone**

Now before the Court is Appellants Marco A. Cantu and Roxanne Cantu's ("the Cantus") appeal of the Bankruptcy Court's (1) Memorandum Opinion granting Appellee George W. Stone dba George W. Stone Accounting's ("Stone" or "Accountant Stone") Motion for Summary Judgment in Adversary No. 12-07023 (Dkt. No. 13-5) and (2) Judgment dismissing the adversary (Dkt. No. 13-6), both entered on May 22, 2013.  No party disputes the factual and procedural background set forth in the Bankruptcy Court's Memorandum Opinion, which in summary is as follows.  (Dkt. No. 13-5; *see* Dkt. Nos. 15, 16).  On May 6, 2008, the Cantus and their wholly-owned corporation, Mar-Rox, Inc., filed separate petitions for relief under Chapter 11 of the Bankruptcy Code.  (Dkt. No. 13-5).  On June 3, 2008, the Bankruptcy Court approved the retention of Stone as an accountant for the Cantus and Mar-Rox in their (then-separate) Chapter 11 bankruptcy cases.  *Id.*  As of November 5, 2008, the Cantus' and Mar-Rox's (collectively, "Debtors") bankruptcy cases were treated as jointly administered.  *Id.*  On June 24, 2009, the

Court converted Debtors' bankruptcy to a Chapter 7 case and appointed Michael B. Schmidt as Trustee over Debtors' bankruptcy estate. *Id.* On February 17, 2011, the Court denied the Cantus' discharge based in part on their "engaging in fraudulent omissions, improper transfer of estate assets, making false oaths in connection with their bankruptcy cases, refusing to comply with lawful court orders, failing to keep adequate records, and fraudulently withholding information from the Trustee." *Id.* On October 17, 2012, the Cantus filed suit against Stone in the 206th District Court, Hidalgo County, Texas, essentially alleging that Stone's actions as accountant contributed to the failure of the bankruptcy. *Id.*; *see also* (Dkt. No. 13-3). The Cantus brought causes of action against Stone for accounting malpractice, violations of the Texas Deceptive Trade Practices Act, gross negligence, violations of the Texas Rules of Disciplinary Procedure, fraudulent misrepresentation, and fraudulent inducement. *Id.*

### B.   Suit against Attorney Stone

Important to the resolution of this appeal is the fact that on February 13, 2012, the Cantus had filed a similar suit in Hidalgo County state court against their bankruptcy attorney Ellen Stone and The Stone Law Firm, P.C. (collectively, "Attorney Stone"), alleging that Attorney Stone's actions also led to the conversion of the Cantus' bankruptcy case to Chapter 11 and to the denial of the discharge. (Dkt. No. 13-5); *e.g.*, Civil Action No. 12cv111 *Cantu, et al. v. Stone, et al.* at (Dkt. No. 1-1).[1] The case was removed to this Court under 28 U.S.C. §§ 1334 and 1452 on the grounds that the Cantus' claims against Attorney Stone arose out of the bankruptcy case. 12cv111 at (Dkt. No. 1).[2] Attorney Stone also took the position that the claims were in

---

[1] The Court takes judicial notice of the filings in Civil Action No. 12cv111, a case previously before this Court.

[2] Section 1452 authorizes removal of "any claim or cause of action in a civil action…to the district court for the district where such civil action is pending" if the district court has jurisdiction over the claim or cause of action under § 1334.  28 U.S.C. § 1452(a).  Section 1334 gives district courts "original but not

fact property of the bankruptcy estate, and therefore they belonged to the Chapter 7 Trustee and not to Plaintiffs who lacked standing to sue. *Id.* The Cantus moved to remand, asserting that the state-law claims did not accrue prior to conversion to Chapter 7, and therefore were not property of the estate over which the Court could exercise jurisdiction. *Id.* at (Dkt. No. 8). In an order dated August 7, 2012, the Court denied the motion to remand. *Id.* at (Dkt. No. 21). The Court found that it had jurisdiction over the case under § 1334, and concluded upon review of Fifth Circuit precedent:

> [A]ll of the misconduct forming the basis of Plaintiffs' [the Cantus'] grounds for relief occurred prior to the conversion of Plaintiffs' case from Chapter 11 to Chapter 7, and as Plaintiffs have conceded, any claims which accrued during the pendency of their Chapter 11 case, but prior to conversion to Chapter 7, are property of the estate. Accordingly, the Court concludes that [the Cantus'] legal malpractice claims arose prior to conversion and are owned by the bankruptcy estate.

*Id.* (citing 11 U.S.C. § 1115(a)(1) ("In a case in which the debtor is an individual, property of the estate includes…(1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is…converted to a case under chapter 7…."). The Cantus' motion to reconsider the Court's order was stricken because it did not comply with the Local Rules. *Id.* at (Dkt. Nos. 23, 33). The parties eventually settled and the Court entered an agreed order approving the settlement and depositing its proceeds into the court registry. *Id.* at (Dkt. No. 39). The Court then referred the case to the Bankruptcy Court, finding that "the Bankruptcy Court is in a better position to determine in the first instance whether these proceeds are property of the Estate and their appropriate distribution." *Id.* at (Dkt. No. 40). On May 22, 2013, the Bankruptcy Court granted in part the Chapter 7 Trustee's motion for summary judgment, finding in accordance with this Court's reasoning and on an additional, alternative basis that "[t]he proceeds of the settlement with [Attorney] Stone are property of the estate."

---

exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

Civil Action No. 14cv58 *Cantu, et al. v. Stone, et al.* at (Dkt. Nos. 4-2; 4-5; 4-6).[3] The Cantus moved to reconsider the partial summary judgment order and the Bankruptcy Court denied that motion in an order dated January 24, 2014. *Id.* at (Dkt. Nos. 4-7, 4-10). The Cantus appealed both orders to this Court, and on June 5, 2014, the Court affirmed, explaining:

> [W]hat is clear is that the position advanced by Appellants' [the Cantus'] brief on appeal—that the settlement funds are Appellants' personal property and not the property of the estate—was previously considered and rejected by this Court in the context of the motion to remand. In its Orders made the subject of this appeal, the Bankruptcy Court concurred with the Court's reasoning and added an alternate basis for the conclusion reached by the Court, and declined to reconsider. Appellants' brief cites only to Fifth Circuit cases considered by this Court in ruling on the motion to remand, and to a Fifth Circuit case on which the Bankruptcy Court relied in making its alternate finding.

*Id.* at Dkt. No. 17. In essence, the appeal was yet another motion to reconsider an issue already decided by this Court. *Id.* The Court found no need to reconsider, and affirmed the orders of the Bankruptcy Court. *Id.*

## C.     Issues on Appeal

The very same issue—whether state-law claims filed after commencement of the bankruptcy but prior to conversion are property of the Cantus' bankruptcy estate—was also decided by the Bankruptcy Court in the Summary Judgment Order now the subject of this appeal. (Dkt. No. 13-5). The Cantus' suit against Accountant Stone also was removed under §§ 1334 and 1452, but in contrast with the suit against Attorney Stone, was referred immediately to the Bankruptcy Court and assigned an adversary number. Adversary No. 12-07023 at (Dkt. No. 1).[4] Thus, it was the Bankruptcy Court that had the occasion to consider and deny the Cantus' motion to remand and motion to reconsider the denial. *Id.* at (Dkt. No. 14). The Bankruptcy

---

[3] The Court takes judicial notice of the filings in Civil Action No. 14cv58, a case previously before this Court.

[4] Although jurisdiction under §§ 1334 and 1452 lies with the district court, 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that…any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The Southern District of Texas has so provided. *See* General Order 2012-6 (May 24, 2012).

Court determined that jurisdiction existed under § 1334 and that the case was a "core" proceeding, *i.e.*, it arose under title 11 or in the Cantus' bankruptcy. *Id.*; *see* 28 U.S.C. § 157(b). The Court then considered Accountant Stone's motion for summary judgment, brought on the grounds that the causes of action against him are property of the bankruptcy estate and therefore the Cantus lack standing to pursue them. (Dkt. No. 13-4). In granting that motion, the Bankruptcy Court noted that the Cantus had failed to respond to the Motion, and also that "the Cantus' complaint in this adversary proceeding against George W. Stone parallels their complaint in the adversary proceeding against Ellen Stone and the Stone Law Firm PC." (Dkt. No. 13-5). Accordingly, the Bankruptcy Court adopted its reasoning (and therefore, this Court's reasoning) in the Attorney Stone case, concluding that "these are preconversion causes of action owned by the bankruptcy estate" and "[a]s a result, the Cantus lack standing to bring these causes of action." *Id.* In a separate order, the Bankruptcy Court entered the challenged Final Judgment in the case. (Dkt. No. 13-6).

The Cantus now appeal the Bankruptcy Court's Summary Judgment Order and Final Judgment on two grounds: (1) the Bankruptcy Court lacked jurisdiction to enter the challenged order and judgment; and (2) the Cantus' state-law claims against Accountant Stone did not accrue prior to conversion and are not property of the bankruptcy estate. (Dkt. No. 15). Upon consideration of the parties' briefs and the record, in light of the relevant law, the Court finds that the Bankruptcy Court's order and judgment must be affirmed for the following reasons.

## II.     Standard of Review

On appeal of a bankruptcy court's rulings, the district court reviews the bankruptcy court's conclusions of law *de novo* whereas it may disregard findings of fact only if they are clearly erroneous. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003); FED. R. BANKR. P. 8013.

The district court "may affirm, modify or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

**III.    Analysis**

**A.    Issue on Appeal: Whether Bankruptcy Court Had Jurisdiction to Enter Challenged Order and Judgment**

Appealing to the statutory definition of what constitutes a "core" proceeding, and to *Stern v. Marshall*, 131 S.Ct. 2594 (2011), the Cantus claim that their causes of action against Stone are not core and that the Bankruptcy Court lacked jurisdiction to enter the challenged rulings in the case. (Dkt. No. 15). Title 11, § 157(b) provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11…, and may enter appropriate orders and judgments," subject to appellate review. 28 U.S.C. § 157(b)(1). Subsection (b) also provides a non-exclusive list of what constitutes a core proceeding, including "(C) counterclaims by the estate against persons filing claims against the estate." *Id.* § 157(b)(2)(C). The U.S. Supreme Court in *Stern* held that, notwithstanding the bankruptcy court's statutory authority under § 157(b)(2)(C) to adjudicate the estate's counterclaim against a creditor of the estate, the court lacked constitutional authority to enter final judgment on a state-law counterclaim that would not be resolved in the process of ruling on the creditor's proof of claim. *Stern*, 131 S.Ct. at 2620. The Cantus challenge the Bankruptcy Court's jurisdiction on the basis of two brief arguments: (1) that the proceeding against Stone is not described in the statute's list of core proceedings; and (2) that *Stern* precludes the Bankruptcy Court's entry of final judgment on *any* state-law claim not resolved in the process of ruling on a creditor's claim. (Dkt. No. 15).

The Court rejects the bases for the Cantus' jurisdictional challenge, first because *Stern* does not implicate the statutory grant of subject matter jurisdiction under § 1334; rather, it speaks

to bankruptcy courts' lack of constitutional authority to exercise the "judicial Power of the United States" granted exclusively to Article III courts by entering final judgment in a narrow subset of core proceedings. *See Stern*, 131 S.Ct. at 2600-01 (quoting U.S. CONST. art. III, § 1), 2620 (describing its holding as a "narrow" one). *Stern* explained that "Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; *the question is whether the action at issue stems from the bankruptcy itself* or would necessarily be resolved in the claims allowance process." *Id.* at 2618 (some emphasis in original and some emphasis added). As the Bankruptcy Court observed in its order denying the Cantus' motion to remand, the Fifth Circuit has defined as core a state-law malpractice action against an accountant whose representation was approved by the bankruptcy court in a prior bankruptcy proceeding. Adversary No. 12-07023 at (Dkt. No. 14) (citing *In re Southmark*, 163 F.3d 925, 931 (5th Cir. 1999) ("In this case, the professional malpractice claims alleged against [the accountant] are inseparable from the bankruptcy context. A *sine qua non* in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries, whether trustees or debtors-in-possession and other court-appointed professionals, who are responsible for managing the debtor's estate in the best interest of creditors.")). Given that the Bankruptcy Court approved Stone's representation of the Cantus in the underlying bankruptcy, the Cantus' causes of action predicated on Stone's alleged mishandling of that representation constitute a core proceeding. It follows that in this particular context, the adversary also "stems from the bankruptcy itself." *See* (Dkt. No. 16). Moreover, the issue on which the Bankruptcy Court's final disposition of the adversary hinged would not exist outside the title 11 provision defining property of the bankruptcy estate as all § 541 property that the debtor acquires after commencement of the case but before conversion to Chapter 7. 11 U.S.C. § 1115(a)(1). The Court declines to construe

*Stern*'s narrow holding as depriving the Bankruptcy Court of its ability to finally determine what is, and what is not, property of the bankruptcy estate. The Court concludes that the Bankruptcy Court had statutory and constitutional authority to enter the challenged order and judgment.

**B.     Issue on Appeal: Whether the Cantus' Causes of Action against Stone Are Property of Bankruptcy Estate**

The second issue raised by the Cantus requires no extended analysis, for the simple reason that such analysis was provided by this Court in its remand decision in the substantially similar Civil Action No. 12cv111, and by the Bankruptcy Court when it adopted this Court's analysis and provided more of its own in that case and in the present one. The Cantus' brief offers no new argument that requires or persuades the Court to revisit the issue. *See* (Dkt. No. 15). So that the issue may be put to rest at the trial level and tested on appeal, if necessary, the Court will affirm the Bankruptcy Court's determination that the Cantus' causes of action against Stone are property of the bankruptcy estate.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **ORDERS** that the Bankruptcy Court's May 22, 2013 Summary Judgment Order and Final Judgment are **AFFIRMED**.

SO ORDERED this 1st day of July, 2014, at McAllen, Texas.

_____
Randy Crane
United States District Judge